REESE ET AL. v. BESHEL ET AL.

---

(February 25, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)

---

R. A. Dowling and W. R. Kinsella, of New Orleans, attorneys for plaintiffs, appellants.

Gordon Boswell, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. Miss Stella May Reese sues for compensation under the workmen's compensation law for the accidental killing, on December 31, 1926, of her brother, Martin Reese, who was employed as a laborer by the defendant. The sole question for our consideration is the dependency, vel non, of the plaintiff within the meaning of Act 85 of 1926, the latest amendment of the compensation statute.

Plaintiff testified that her deceased brother, whose earnings were admittedly $14.00 per week, and contributed $6.00 to her personal use, and contributed $6.00 to the maintenance of the household, which included, besides herself and her deceased brother, another brother, and a nephew. It appears that the plaintiff, Miss Stella

Reese, was the housekeeper, her mother and father being dead, and her brothers residing with her, unmarried. She was thirty-five years of age at the time of the trial, and not otherwise occupied than as housekeeper. The main support of the household was the surviving brother, who was a teacher in the Warren Easton High School. A third brother, who resided in Abita Springs, La., testified in his sister's behalf that the deceased occasionally gave her money, but that the mainstay of the household was his brother, Professor Reese, the teacher in the high school.

It is argued that a laborer earning but $14.00 a week could not have contributed $6.00 to the common fund out of which the household was operated and $6.00 for the personal use of his sister, and that, consequently, the evidence of the plaintiff is unreliable and cannot be believed. It may well be that the amount contributed by the deceased has been exaggerated by the plaintiff, but that he was of financial assistance to her seems very clear to us. Both she and her brother testified to that effect, though the brother does not corroborate her in her statement as to the amount of money contributed. Nevertheless, it is evident that in an humble establishment. such as this family maintained, a very little money went a long way, and the deduction of any small amount was acutely felt by the survivors. It is also contended that the deceased, whatever he might have contributed, could not have made any payment in excess of what might be reasonably considered compensation for his board and lodging. It is very difficult to determine what board a person of such limited income should pay. His entire salary would be insufficient to pay the board demanded by many very modest boarding houses, but since everything is relative,

it might well be, that the deceased could, and did, pay the equivalent of a very acceptable sum to his sister for board and have something left to contribute to her personal needs. At any rate there is ample testimony in the record to substantiate plaintiff's claim, and there is nothing to the contrary.

We conclude, therefore, that plaintiff was dependent and may properly claim compensation as a beneficiary of the compensation law. The pertinent section of the act reads as follows:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."

In discussing this section very recently in the case of Emile F. Fuhrmann et al. vs. Walter Cook Keenan (No. 11,302), decided February 11, 1929, (not yet reported), this Court held that in all cases of dependency where the fraction of weekly payments computed according to this section is below the minimum of $3.00 a week established by the law, that the minimum must be allowed. Without going into the detailed mathematics involved, we observe that plaintiff is entitled to the minimum for the time mentioned in the statute, or three hundred weeks.

For the reasons assigned it is ordered,

adjudged and decreed that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of plaintiff, Stella May Reese, and against the defendant, W. A. Beshel, for the sum of three dollars ($3:00) a week for three hundred (300) weeks, beginning February 18, 1927, with interest thereon at 5% per annum from each due date, and all costs.